UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-00163-MR

| | |
|---|---|
| QUINTIN SINCLAIR WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon the Response filed by the Petitioner on March 24, 2023 [Doc. 5], following this Court's Order [Doc. 4] directing the Petitioner to address why his § 2254 petition should not be dismissed as untimely.

### I. BACKGROUND

Quintin Sinclair Wright (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner pleaded guilty to second-degree murder in Mecklenburg County Superior Court on December 1, 2016. Judgment was entered that day whereby Petitioner was sentenced to 221 months to 278 months of incarceration. [Doc. 1 at 1].

On June 25, 2019, the Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court. The

trial court denied the MAR on August 9, 2019. [Doc. 1-1 at 19-33]. The Petitioner filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals on October 21, 2019, which was denied on October 23, 2019. [Doc. 1-1 at 4]. On January 28, 2020, the Petitioner filed a Petition for Writ of Certiorari with the North Carolina Supreme Court. The petition was dismissed on December 15, 2020. [Doc. 1-1 at 1-2].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on April 13, 2021. [Doc. 1]. Following the Court's initial review of the petition, the Court entered an Order directing the Petitioner to show cause why the petition should not be dismissed as untimely. [Doc. 4]. The Petitioner filed his Response to the Court's Order on March 24, 2023. [Doc. 5].

**II. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled during the pendency of a properly filed application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

2

Case 3:21-cv-00163-MR    Document 6    Filed 04/26/23    Page 2 of 7

Because the Petitioner pleaded guilty and did not file a direct appeal, his conviction became final on December 15, 2016, fourteen days after his conviction. See N.C. R. App. P. 4(a)(2)(providing 14 days in which to seek appellate review of criminal judgment and conviction). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about December 15, 2017. See 28 U.S.C. § 2244(d)(1). Although the Petitioner filed a MAR in state court seeking post-conviction review, he did not do so until June 25, 2019, Therefore, the MAR did not toll the one-year limitations period because it was filed after the limitations period already expired. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).

The Court directed the Petitioner to show cause why the petition should not be dismissed as untimely, including any reasons why statutory tolling under § 2244(d)(1)(B)-(D) or equitable tolling should apply. [Doc. 4]. § 2244(d)(1)(B)-(D) tolls the AEDPA's statute of limitations by permitting a petitioner to file a § 2254 petition within one-year from: (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the

constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. § 2244(d)(1)(B)-(D). Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). It is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

The Petitioner was charged with first degree murder [Doc. 5-1 at 10], but pleaded guilty to the lesser included offense of second degree pursuant to N.C. Gen. Stat § 14-17(b). [Id. at 12, Doc. 5 at 5]. Based on this, the Petitioner states this Court should not hold the limitations period of the AEDPA against him because the Government did not give notice of his

conviction under § 14-17(b) (i.e. second degree murder), which he states was not in the plea agreement. [Doc. 5 at 9]. The Petitioner complains this infringed upon his opportunity to challenge the matter on direct review. [Id.]. The Petitioner also states that he had no knowledge of the fact that he was sentenced under § 14-17(b) until months later when he received his judgment of commitment papers in prison. [Id. at 10]. Notably, Petitioner does not argue that he was unaware of *what* sentence he received.

The Petitioner's Response fails to establish that he is entitled to any statutory tolling under § 2244(d)(1)(B)-(D) or that equitable tolling applies to excuse the untimeliness of his § 2254 petition. The Petitioner's assertion that he was unaware of the statutory basis for his sentence does not constitute the type of extraordinary circumstances that would justify the application of equitable tolling. In denying his post-conviction MAR, the state court noted that the Petitioner "knowingly and voluntarily agreed to the sentence he received through his plea arrangement, which the plea transcript clearly states," and that he did not qualify for the sentence that he now contends he should have received. [Doc. 5-1 at 3]. Even if Petitioner's contentions were true, it would have no bearing on why he delayed so long in filing his MAR or filing in this Court. In support of his argument that he has diligently pursued his rights, the Petitioner attaches copies of orders relating

to his MAR filing and subsequent appeals, a copy of his Judgment of Conviction, and copy of his plea agreement. [Doc. 5-1 at 1-14]. However, none of the documents lend any support to the Petitioner's claim that extraordinary circumstances prevented him from timely filing his petition.

The Petitioner fails to show that he diligently pursued his rights and cannot satisfy his burden for equitable tolling to demonstrate good cause for the late filing of his § 2254 petition. As such, the § 2254 petition shall be dismissed as untimely.

## III. CONCLUSION

For the reasons stated herein, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely, as the Petitioner fails to establish that he is entitled to statutory or equitable tolling of the statute of limitations.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish

both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: April 25, 2023

Martin Reidinger
Chief United States District Judge