UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-00163-MR

| | |
|---|---|
| QUINTIN SINCLAIR WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Petitioner's *pro se* Motion for Certificate of Appealability, filed on May 9, 2023. [Doc. 8].

On April 26, 2023, the Court entered an Order dismissing the Petitioner's § 2254 Petition for Writ of Habeas Corpus as untimely filed. [Doc. 6]. In that Order, the Court also declined to grant the Petitioner a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. [Id.].

The Petitioner now moves this Court to issue a certificate of appealability. [Doc. 8]. In doing so, the Petitioner reiterates the arguments previously set forth in his § 2254 Petition for Writ of Habeas Corpus, including invalidity of the plea agreement, insufficient evidence to support the charges against him, and ineffective assistance of counsel. [Id.]. The Petitioner

further argues that the Court should apply equitable tolling to excuse the untimeliness of his § 2254 petition. [Id.].

As the Court has previously advised the Petitioner, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see Rule 11(a), Rules Governing Section 2254 Cases. A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The Court has already set forth its reasoning for the dismissal of the Petitioner's § 2254 Petition for Writ of Habeas Corpus and explained why it declined to issue a certificate of appealability. [Doc. 6]. The Court also explained why the Petitioner failed to make a showing that he was entitled to the equitable tolling of the statute of limitations. [Id.]. The Petitioner sets forth no new arguments to convince the Court that it should reconsider its prior Order and now issue a certificate of appealability.

To the extent that the Petitioner seeks reconsideration or rehearing of the Court's dismissal Order under Fed. R. Civ. P. 59 or 60, he is entitled to no relief, as relief under these provisions shall be granted only in very limited

circumstances.[1] The Petitioner merely reasserts his previous arguments and fails to show any clear error of law that requires this Court's correction, nor presence of any additional circumstances under which a motion for reconsideration may be granted.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Certificate of Appealability [Doc. 8] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 19, 2023

Martin Reidinger
Chief United States District Judge

---

[1] Motions to alter or amend a judgment pursuant to Rule 59(e) may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). Motions seeking relief from judgment under Rule 60(b) may only be granted upon a showing of mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or other reason justifying relief. Fed. R. Civ. P. 60(b).